UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-12109-RWZ

UNITED STATES OF AMERICA

v.

JAMES B. SELDERS and ELIZABETH M. SELDERS

ORDER

April 14, 2011

ZOBEL, D.J.

Defendants, James B. and Elizabeth M. Selders, suffered serious investment losses on their stock in Microsoft Corp. in 2000. They initially treated these losses as investment losses for federal income tax purposes. However, in 2006 they filed amended returns for tax years 2000 and 2003 in which, based on their relationship with Merrill Lynch Pierce Fenner and Smith, Inc. ("Merrill Lynch"), and their broker, Lawrence Hurst, they characterized the losses as attributable to theft. They claimed large refunds which the government paid. In 2008, the government initiated this lawsuit for the return of the amounts refunded because defendants' losses did not meet the regulatory requirement for a theft loss. By order dated August 17, 2009, this court granted summary judgment to the government with respect to the investment losses, but denied the motion with respect to defendants' claim of a theft deduction for margin interest and brokerage fees. (Docket # 35.) That is, the court held that the investment losses could not be treated as theft losses, but that it could not determine on the record then presented the amount of those losses and the amount of the refunded taxes

attributable thereto. Thus, the only issues remaining unresolved were the amount of the investment losses and the proper characterization of the interest and fees paid and the amount thereof.

After certain discovery and negotiations by the parties the government has moved again for summary judgment as to the full amount of the sums refunded, which represents the tax attributable only to investment losses and explicitly not including any interest and fees defendants claim they were entitled to treat as theft losses. (Docket # 46.) It has buttressed its request with statements of defendants' account, profit and loss calculations by Merrill Lynch, copies of the relevant returns, an affidavit by Gloria Byrd, a manager within the IRS who computed the amount of the erroneous refunds and the interest payable thereon, and affidavits by James Selders and the Selders' broker. Based on these submissions, the government asserts that the theft loss deduction in 2006 did not include any amounts for interest and fees. Further, the amount of the erroneous refunds for theft losses claimed for capital losses is the sum of $4,004.42 paid on March 16, 2007, on defendants' claim for the year 2003, plus $710,106 paid on April 4, 2007, on defendants' claim for the year 2000. Ms. Byrd states in her affidavit that the interest payable on the first refund from the date of payment to October 18, 2010, is $876.20, and that the interest on the second refund from the date of that refund to October 18. 2010, is $151,847.22, for a grand total for erroneous refunds and interest of $866,833.84 as of October 18, 2010.

While defendants explicitly dispute the government's calculation, they provide no evidence to controvert it or the premise upon which it is based. Mrs. Selders'

2

responses to the government's discovery requests claimed a lack of personal knowledge as to all matters raised. Mr. Selders did not respond to any interrogatories and document requests, and his answers to the requests for admission are evasive and of no help to him in raising any dispute as to the facts and thus, in fending off summary judgment. They offer nothing else.

The motion for summary judgment is allowed. Judgment may be entered for plaintiff in the amount of $866,833.84, plus interest accrued since October 18, 2010.


    April 14, 2011                                         /s/Rya W. Zobel
          DATE                                                RYA W. ZOBEL
                                                            UNITED STATES DISTRICT JUDGE